JS 44 (Rev. ...)

# CIVIL COVER SHEET

17-CV-4591

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yasin Dawood

**DEFENDANTS**
Christopher LaTouche and Dove Transportation, LLC

**(b)** County of Residence of First Listed Plaintiff: Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: St. Clair Co., AL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam D. Flager & Edward J. Zanine
One Northbrook Corporate Center, Suite 280, Trevose, PA 19053

Attorneys *(If Known)*
John T. Pion & Thomas A. Wimmer
240 North 3rd Street, Payne Shoemaker Building-10th Floor
Harrisburg, PA 17101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☒ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1)
Brief description of cause:
Motor vehicle accident with claims of permanent injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ IN EXCESS OF $50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

OCT 13 2017

DATE: 10/12/2017
SIGNATURE OF ATTORNEY OF RECORD: *Thomas A. Wimmer*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

17 4591

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __711 Locust Street, Hummelstown, Dauphin County, PA__

Address of Defendant: __2477 Old Highway 26, Ragland, St. Clair County, AL__

Place of Accident, Incident or Transaction: __Derry Township, Dauphin County, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Thomas A. Wimmer__, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __10/13/17__   _____(signature)_____   __45294__
                      Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/13/17__   _____(signature)_____   __45294__
                      Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

OCT 13 2017



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Yasin Dawood | : | CIVIL ACTION |
| v. | : | |
| Christopher LaTouche and Dove Transportation, LLC | : | NO. 17  4591 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 10/12/17 | Thomas A. Wimmer | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717-745-8768 | 717-737-5553 | twimmer@pionlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 13 2017

# Pion | Nerone, Girman, Winslow & Smith, P.C.

Thomas A. Wimmer
(717)745-8768
twimmer@pionlaw.com

October 12, 2017

**Via Fed Ex**
Kate Barkman, Clerk of Court
U.S. District Court for the Eastern District of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

**RE:  Yasin Dawood v. Christopher LaTouche and Dove Transportation, LLC**
**Claim No. EWR00048575**
**Our File No. 579.003**

Dear Ms. Barkman:

Enclosed please find the original and two (2) copies of Defendants' Notice of Removal and the Rule 7.1 Disclosure Statement of Defendant, in the above-captioned matter. Also enclosed is the required filing fee of $400.00.

I am also enclosing an original and two (2) copies of Defendants' Motion for Transfer to the Middle District of Pennsylvania and Memorandum of Law in Support of the same.

Kindly file the originals and return a time-stamped copy in the self-addressed stamped envelope provided. Please do not hesitate to contact me if you should have any questions. Thank you for your assistance.

Very truly yours,

Thomas A. Wimmer

TAW:rjf
Enclosures
c:  Adam D. Flager, Esquire (via email: adam@FlagerLaw.com)
    John T. Pion, Esquire

**Pittsburgh**
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, Pennsylvania, 15222
Main: (412) 281-2288    Fax: (412) 281-3388

**Harrisburg**
Payne Shoemaker Building
240 North Third Street, 10th Floor
Harrisburg, Pennsylvania, 17101
Main: (717) 737-5833   Fax: (717) 737-5553

24-Hour Emergency Response Number: (412) 600-0217   www.pionlaw.com




UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| YASIN DAWOOD, | : CIVIL DIVISION |
|     Plaintiff | : |
| | : |
| v. | : JURY TRIAL DEMANDED. |
| | : |
| CHRISTOPHER LaTOUCHE and | : |
| DOVE TRANSPORTATION, LLC | : |
|     Defendants | : NO. |

**NOTICE OF REMOVAL**

FILED OCT 13 2017 KATE BARKMAN, Clerk By ___ Dep. Clerk

AND NOW, come the Defendants, Christopher LaTouche and Dove Transportation, LLC, by and through their counsel, PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C. and John T. Pion, Esquire and Thomas A. Wimmer, Esquire, and pursuant to 28 U.S. C. §1441 and §1446, files this Notice of Removal of the foregoing matter from the Court of Common Pleas of Philadelphia County, No. 170902177 to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, states as follows:

1. Plaintiff commenced this civil action by filing a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania at Civil Docket Number 170902177 (September Term 2017 – No. 02177) on September 19, 2017.

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

3. Defendant, Christopher LaTouche, is a citizen of the State of Alabama.

4. Defendant, Dove Transportation, LLC, is incorporated under the laws of the State of Alabama and has its principle place of business in the State of Alabama.

5. On September 19, 2017, Plaintiff filed a Civil Action Complaint in the Philadelphia County Court of Common Pleas which was served by mail on or about September 25, 2017.

6. Plaintiff is a citizen of the Commonwealth of Pennsylvania; Plaintiff and Defendants are diverse, and diversity of citizenship existed at the time this civil action was filed and at the time of the filing of this Notice of Removal.

7. Plaintiff's Complaint asserts counts for negligence, carelessness and claims damages for personal injuries including permanent injuries, including injuries to his neck, back, right wrist and hand, shoulders, post-surgical scarring and damage to his bones, cells, muscles, tissues and nervous system, as well as economic claims for medical expenses that may be required for an indefinite period of time into the future, loss of earnings, loss of business opportunities and/or impairment of earning capacity or power, the amounts of which are asserted to exceed the jurisdictional limits of compulsory arbitration ($50,000.00) in Philadelphia County.

8. A fair reading of the Plaintiff's Complaint, with its inclusion of claims for serious and permanent injuries, future earnings loss and past and future medical expenses, reveals an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs. See Plaintiff's Complaint found in Exhibit "A", paragraphs 12-16.

9. Accordingly, this action is one in which the District Courts of the United States possess original jurisdiction under 28 U.S. C. §1332.

10. Venue is proper in this Court because it is the district court for the district in which Plaintiff's cause of action was original filed.

11. This Notice of Removal is filed within thirty (30) days after Defendants' receipt of service of Plaintiff's Complaint at which time it was first ascertained that Plaintiff's claim is

one which is removable, in that complete diversity exists and Plaintiff claims compensatory damages for personal injury, loss of earnings and loss of earnings potential, as well as claims for past and future medical expenses.

12. Attached hereto as Exhibit "A', are true and correct copies of all of the pleadings which have been filed in this action in the Court of Common Pleas in Philadelphia County, Pennsylvania at Docket September Term 2017 – No. 02177.

13. Concurrent with filing of this Notice of Removal, Defendants have filed a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, advising that Defendants have removed this action to the United States District Court for the Middle District of Pennsylvania, together with service to all parties.

14. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to it.

WHEREFORE, the civil action filed in the Court of Common Pleas of Philadelphia County, Pennsylvania at Civil Docket September Term 2017 - No. 02177 is hereby removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

By: _/s/ Thomas A. Wimmer_
John T. Pion, Esquire
PA I.D. #43675
Thomas A. Wimmer, Esquire
PA I.D. #45294
Payne Shoemaker Building, 10th Floor
240 North Third Street
Harrisburg, PA 17101
#717-745-8768
Counsel for Defendants

## CERTIFICATE OF SERVICE

I, Thomas A. Wimmer, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendants, Christopher LaTouche and Dove Transportation, LLC, hereby state that a true and correct copy of the foregoing **Notice of Removal** was filed with the Clerk of Court via U.S. Mail and a true and correct copy was served upon counsel of record by electronic mail on this date on this date as follows:

Adam D. Flager, Esquire
Flager & Associates, P.C.
One Northbrook Corporate Center, Suite 280
1210 Northbrook Drive,
Trevose, PA 19053
Email: adam@FlagerLaw.com

FILED
OCT 13 2017
By KATE BARKMAN, Clerk
_____ Dep. Clerk

**PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.**

Date:  October 12, 2017        By: _____
                                    John T. Pion, Esquire
                                    PA I.D. #43675
                                    Thomas A. Wimmer, Esquire
                                    PA I.D. #45294

"A"

FLAGER & ASSOCIATES, P.C.
BY: EDWARD J. ZANINE, ESQUIRE
ADAM D. FLAGER, ESQUIRE
I.D. NO. 83873 & 307062
1210 Northbrook Corporate Center
Suite 280
Trevose, PA 19053
(215) 953-5200

JURY TRIAL OF TWELVE (12)
JURORS IS REQUESTED



Attorney for Plaintiff

---

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASIN DAWOOD<br>711 Locust Street<br>Hummelstown, PA 17036<br>      Plaintiff<br><br>v.<br><br>CHRISTOPHER LaTOUCHE<br>2477 Old Highway 26<br>Ragland, AL 35131<br><br>and<br><br>DOVE TRANSPORTATION, LLC<br>105 Speedway Industrial Drive<br>Lincoln, AL 35096<br>      Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA, PENNSYLVANIA<br><br><br>TERM, 2017<br><br>NO.: |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Case ID: 170902177

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra desu persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEERLO CON LA INFORMACION NECESARIA PARA ALGUILAR A UN ABOGADO.

SI LE FALTA BASTANTE DINERO PARA ALGUILAR A UN ABOGADO, ES POSIBLE QUE ESTA OFICINA PUEDA PROVEERLO CON LA INFORMACION EN CUANTO A UNAS AGENCIAS LEGALES QUE PUEDE OFRECER UNOS SERVICIOS LEGALES A UN PRECIO REBAJADO PARA LOS QUE SON ELIGIBLES.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 170902177

## COMPLAINT - CIVIL ACTION

1. Plaintiff, Yasin Dawood, is an adult individual residing at 711 Locust Street, Hummelstown, Pennsylvania.

2. Defendant, Christopher Latouche, (hereinafter referred to as Latouche) is an adult individual residing at 2477 Old Highway 26, Ragland, Alabama.

3. Defendant, Dove Transportation, LLC (hereinafter referred to as "Dove") is a domestic limited liability company, authorized to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 105 Speedway Industrial Drive, Lincoln, Alabama.

4. At all times relevant, Plaintiff, a full tort insured, owned, possessed, controlled and operated a motor vehicle which was one of the vehicles involved in the motor vehicle incident described herein.

5. At all times relevant, Defendant Dove owned, and by their agent, servant, workman and/or employee, Defendant Latouche, possessed, controlled and operated a tractor trailer which was one of the vehicles involved in the motor vehicle incident described herein. At all times relevant, Defendant Latouche was authorized and/or permitted to operate the motor vehicle owned by Defendant Dove and was operating same within the scope of such authorization and/or permission and/or was in the course of promoting Defendant's business, mission and/or affairs.

6. At all times relevant, Defendant Dove regularly conducted business in the County of Philadelphia including, but not limited to, the operation of multiple tractor trailers delivering, receiving and/or otherwise transporting freight and goods within the City of Philadelphia; and/or the solicitation through advertisement of the citizens of Philadelphia County all for pecuniary gain.

Case ID: 170902177

7. On or about October 1, 2015, Plaintiff travelling westbound on SR322, just prior to the Middletown/Hummelstown exit, in Derry Township, Pennsylvania, when Defendant Latouche suddenly and without warning, merged into his lane, sideswiping Plaintiff's vehicle. As a result, Plaintiff suffered serious injuries set forth herein at length.

8. Defendant Dove is vicariously liable for the actions and conduct of its employee, agent, servant and/or workman, Defendant Latouche.

9. The aforesaid incident resulted solely from the negligence and carelessness of the Defendants and was due in no manner whatsoever of any act or failure to act on the part of Plaintiff.

10. The negligence and carelessness of Defendant Latouche consisted of, but is not limited to, the following:

    (a) failure to properly operate and control the vehicle;

    (b) failure to keep a proper lookout;

    (c) failure to take due note of the point and position of plaintiff;

    (d) violating the ordinances, statutes and regulations of the Commonwealth of Pennsylvania with respect to the proper operation of tractor trailers;

    (e) violating pertinent provisions of applicable Federal Motor Carrier Safety Regulations;

    (f) failure to exercise due care under the circumstances;

    (g) operating his vehicle at a speed which was excessive under the circumstances;

    (h) improper merging and/or lane changing.

11. Furthermore, the negligence of Defendant Dove consisted of but is not limited to the following:

    (a) failure to ascertain that defendant Latouche could safely operate a motor vehicle of the type being operated by him at the time of the incident complained of prior to entrusting said vehicle to defendant;

    (b) failure to properly train and/or supervise defendant Latouche in the proper and safe operation of the motor vehicle which was operated by him at the time of the incident complained of;

    (c) negligent hiring and/or retention of defendant Latouche;

    (d) negligent selection of an improper contractor for its trucking and/or shipping operations;

    (e) negligently entrusting said motor vehicle to defendant Latouche despite actual or constructive knowledge that Latouche was not sufficiently skilled or trained to operate said motor vehicle without risk to himself and others; and;

    (f) otherwise entrusting said motor vehicle to defendant Latouche in a negligent and careless manner under the circumstances without regard to Plaintiff.

12. As a direct result of the aforesaid negligence and carelessness of the Defendants, Plaintiff sustained serious and painful injuries, including, but not limited to: injuries to his back, neck, right wrist and hand, shoulders, post-surgical scarring, and damage to his bones, cells, muscles, tissues and nervous system, some or all of which may be permanent in nature.

Case ID: 170902177

13. As a further result, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat and cure his injuries and ills and may be required to do so for an indefinite period of time into the future.

14. As a further result of this incident as aforementioned, Plaintiff has suffered and may in the future suffer mental anguish, emotional suffering and other non-economic and economic losses.

15. As a further result, Plaintiff has suffered an interference with his usual duties, chores, life's pleasures and opportunities and may continue to suffer such interference in the future.

16. As a further result, Plaintiff has suffered and will continue to suffer a severe loss of earnings, loss of business opportunities and/or impairment of earning capacity or power as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, YASIN DAWOOD, demands judgment in his favor and against Defendants, CHRISTOPHER LATOUCHE AND DOVE TRANSPORTATION, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of suit and delay damages.

BY: _____
EDWARD J. ZANINE
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a jury trial of twelve jurors.

BY: _____
EDWARD J. ZANINE
Attorney for Plaintiff

Case ID: 170902177

## VERIFICATION BASED UPON PERSONAL KNOWLEDGE
## AND INFORMATION SUPPLIED BY COUNSEL

I, Yasin Dawood, verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon the information which has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel. I have read the Complaint, and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification.

I understand that intentional false statements herein are made subject to the penalties of 18 Pa. C.S. A. §4904 relating to unsworn falsifications made to authorities.

_____

09/18/17
**DATED**

Case ID: 170902177

| | |
|---|---|
| PION, NERONE, GIRMAN,<br>   WINSLOW & SMITH, P.C.<br>By: John T. Pion, Esquire<br>By: Thomas A. Wimmer, Esquire<br>jpion@pionlaw.com<br>twimmer@pionlaw.com<br>Attorney Identification Nos. 43675/45294<br>Payne Shoemaker Building, 10th Floor<br>240 North Third Street<br>Harrisburg, PA 17101<br>Phone: (717) 745-8768<br>Fax:   (717) 737-5553 | Attorneys for Defendants |

### IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASIN DAWOOD<br><br>       v.<br><br>CHRISTOPHER LaTOUCHE and<br>DOVE TRANSPORTATION, LLC | ) COURT OF COMMON PLEAS<br>) PHILADELPHIA COUNTY<br>)<br>) SEPTEMBER TERM, 2017<br>)<br>) No. 02177<br>)<br>) **JURY TRIAL DEMANDED** |

### ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter our appearance on behalf of the Defendants, CHRISTOPHER LaTOUCHE and DOVE TRANSPORTATION, LLC, regarding the above-referenced matter.

                                        PION, NERONE, GIRMAN,
                                        WINSLOW & SMITH, P.C.


                                        By     /s/ John T. Pion
                                               John T. Pion, Esquire
                                               Thomas A. Wimmer, Esquire

Dated: October 11, 2017                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, John T. Pion, Esquire, hereby certify that a true and correct copy of the foregoing Entry of Appearance was served upon counsel of record by the Philadelphia Courts Electronic Filing System and e-mail, this 11th day of October, 2017, as follow:

> Edward J. Zanine, Esquire
> Adam D. Flager, Esquire
> Flager & Associates, P.C.
> 1210 Northbrook Corporate Center
> Suite 280
> Trevose, PA 19053
> (edward@FlagerLaw.com)
> (adam@FlagerLaw.com)
> *(Counsel for Plaintiff)*

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

By_____/s/ John T. Pion_____
John T. Pion, Esquire
Thomas A. Wimmer, Esquire

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, John T. Pion, Esquire, hereby certify that a true and correct copy of the foregoing Jury Trial Demanded was served upon counsel of record by the Philadelphia Courts Electronic Filing System and e-mail, this 11th day of October, 2017, as follow:

Edward J. Zanine, Esquire
Adam D. Flager, Esquire
Flager & Associates, P.C.
1210 Northbrook Corporate Center
Suite 280
Trevose, PA 19053
(edward@FlagerLaw.com)
(adam@FlagerLaw.com)
*(Counsel for Plaintiff)*

PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.

By_____/s/John T. Pion_____
John T. Pion, Esquire
Thomas A. Wimmer, Esquire

Attorneys for Defendants