**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YASIN DAWOOD, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 17-04591 |
| CHRISTOPHER LATOUCHE and DOVE TRANSPORTATION, LLC., | |
| *Defendants.* | |

**PAPPERT, J.**                                               **February 16, 2018**

## MEMORANDUM

Yasin Dawood lives in Hummelstown, Pennsylvania. Hummelstown is located in Derry Township, Dauphin County, within the Middle District. On October 1, 2015, Dawood was injured in a car accident near his home, allegedly caused by the negligence of Christopher LaTouche, who was driving a tractor trailer owned by Dove Transportation, LLC. Dawood was taken to a local hospital where he was treated for his injuries. LaTouche resides in Alabama and Dove is incorporated and maintains its principal place of business in Alabama. Dawood sued LaTouche and Dove in the Philadelphia County Court of Common Pleas. (Defs.' Notice of Removal, Ex. A ("Compl."), ECF No. 1.) After removing Dawood's Complaint to federal court, LaTouche and Dove filed a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). (Defs.' Mot., ECF No. 3). The Court grants the motion.

# I

LaTouche and Dove argue that the case should be transferred to the Middle District because that is the "judicial district in which a substantial part of the events…giving rise to the claim occurred[.]"  (Defs.' Mot. at 2.)  Under 28 U.S.C. § 1404(a), district courts may "[f]or the convenience of parties and witnesses, in the interest of justice. . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of § 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.–585*, 176 U.S. 19, 26 (1960)).  District courts are vested with "broad discretion" to determine whether transfer is appropriate.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In deciding a motion to transfer, courts should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Jumara*, 487 U.S. at 879 (citation and internal quotation marks omitted).  Courts first determine "whether venue would be proper in the transferee district," and if so, then "determine whether a transfer would be in the interests of justice."  *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001).  The moving party bears the burden of persuasion.  *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## II

Dawood does not contest that venue is proper in the Middle District under 28 U.S.C. § 1391. He does, however, argue that the interests of justice weigh against transfer. In evaluating the propriety of a transfer, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to 'consider all relevant factors.'" *Jumara*, 55 F.3d at 879 (quoting 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2847 (4th ed. 2013)). The Third Circuit Court of Appeals considers both private and public interests when deciding whether transfer is appropriate. *See id.*

The private interests are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they would be unavailable in a particular forum; and (6) the location of evidence to the extent it cannot be produced in a particular forum. *See id.* Public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that would make trial easy, expeditious, or inexpensive; (3) the congestion of the court's docket; (4) the local forum's interest in deciding the case; and (5) the trial judge's familiarity with any applicable state law. *Id.*

## A

The Court first examines Dawood's choice of forum, LaTouche and Dove's preference and where the claim arose. *See Jumara*, 55 F.3d at 879. Although a plaintiff's choice of forum is typically accorded great deference, *Lony v. E.I. DuPont de*

*Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989), that choice "is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred." *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 16-3594, 2016 WL 5167536, at *2 (E.D. Pa. Sept. 21, 2016) (quoting *Cable v. Allied Interstate, Inc.*, 2012 WL 1671350, at *3 (E.D. Pa. 2012)); *see also Connors v. UUU Prods., Inc.*, No. 03-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 15, 2004) (same). That is the case here. Dawood lives in the Middle District and the majority of the events giving rise to the accident occurred there. "When the vast majority of the acts giving rise to plaintiff's claim take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009); *see also In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) ("Typically the most appropriate venue is where a majority of events giving rise to the claim arose."). Dawood's residence and the location of the accident weigh heavily in favor of transfer to the Middle District.

The fourth factor, convenience of the parties, also weighs in favor of transfer. *See Jumara*, 55 F.3d at 879. Dawood states that "he has not made an issue" about having to travel to the Eastern District for trial, but does not argue that the Eastern District would be *more* convenient. (Pl.'s Resp. at 3.) LaTouche and Dove are residents of Alabama, and "presumably [are] no more or less inconvenienced by defending this case" in Harrisburg as opposed to Philadelphia. *Andrews v. Encompass Home & Auto Ins. Co.*, No. 15-0268, 2015 WL 3631749, at *5 (E.D. Pa. June 11, 2015).

The final two factors, availability of witnesses and evidence, are neutral. *See Jumara*, 55 F.3d at 879. LaTouche and Dove argue that "[p]olice and medical first

responders are located in the Middle District," but have not shown that any witnesses or evidence would be unavailable for trial in either District. (Defs.' Mot. at 4.)

B

The first public interest factor is the enforceability of the judgment. *See Jumara*, 55 F.3d at 879. A judgment in the Middle District is just as enforceable as one in the Eastern District. Indeed, "there is little significant difference in enforcing a judgment in one federal forum than in another." *E'Cal Corp. v. Office Max, Inc.*, No. 01-3281, 2001 WL 1167534, at *4 (E.D. Pa. Sept. 7, 2001) (citation omitted). As to the second factor, practical considerations for trial, LaTouche and Dove claim that witnesses who may be called to testify are located in the Middle District, though they have not "identified any specific witnesses they plan to call." *Cable v. Allied Interstate, Inc.*, No. 12-96, 2012 WL 1671350, at *5 (E.D. Pa. May 11, 2012); *see also* (Defs.' Mot. at 4). Neither party addressed the third factor, congestion of the court's docket, which weights slightly against transfer. *See Jumara*, 55 F.3d at 879. Although the Eastern District had more total filings last year (7,525 to 2,413),[1] the Middle District had more pending cases per judge (627 to 351)[2] and a longer median time from filing to disposition in civil cases (9.9 months to 5.7 months)[3] than the Eastern District.

---

[1]    *See Federal Judicial Caseload Statistics: Civil Cases Filed, Terminated, and Pending*, Table C, *available at* http://www.uscourts.gov/sites/default/filed/data_tables/stfj_c_630.2017.pdf (last visited Feb. 14, 2018).
[2]    *See Federal Court Management Statistics: United States District Courts–National Judicial Caseload Profile*, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2017.pdf (last visited Feb. 14, 2018).
[3]    *See Federal Court Management Statistics: United States District Courts–Median Time Intervals from Filing to Disposition in Civil Cases*, Table C-5, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2017.pdf (last visited Feb. 14, 2018).

Fourth, the Middle District has a substantially greater interest in this case than does this Court.[4] Dawood resides in the Middle District and the accident and injury occurred there. As LaTouche and Dove pointed out, this case has no relation to the Eastern District other than the location of Dawood's counsel. This factor heavily favors transfer. The final factor, the trial judge's familiarity with any applicable state law, is neutral because both districts are located in Pennsylvania. *See Jumara*, 55 F.3d at 879.

Since the balance of the private and public interest factors weigh in favor of transfer, the Middle District of Pennsylvania is where "the litigation would more conveniently proceed and the interests of justice…better served." *Jumara*, 55 F.3d at 879.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4]     LaTouche and Dove filed a Motion to Amend the Motion to Transfer, (ECF No. 6), arguing that the Middle District has a greater interest in deciding this case because Dove has a more substantial business presence there. The proposed amendment does not alter the Court's analysis of the *Jumara* factors and the Motion to Amend is consequently denied as moot.